JOAQUÍN CINTRÓN, Intervener and Appellant, v. M. VIDAL ALVAREZ & CO. ET AL., Defendants and Appellees.

No. 6031. Argued April 25, 1932.—Decided April 27, 1932.

*Luis A. García del Rosario* for appellant. *Angel A. Vázquez* for appellees.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the Court.

In this case a dismissal is sought of the appeal brought by the intervener and appellant on the ground that the latter has failed to prosecute his appeal with due diligence or in good faith.

It appears from the affidavit of Pedro N. Colberg, Clerk of the District Court of San Juan: That the appeal was filed on November 12, 1931; that the intervener elected for

perfecting his appeal the method of preparing a stenographic transcript of the evidence; that on November 21, 1931, the lower court ordered the stenographer to file the transcript of the evidence within the time prescribed by law; that from December 11, 1931, when the first extension was granted, the lower court has granted the intervener five extensions, of thirty days each, the last extension having been granted on April 6, 1932; that the intervener and appellant has failed to deposit in the clerk's office any sum of money to pay the stenographer the proper fees for the transcript of the evidence.

The stenographer, Juan Comas Vera, testified that as far back as November 21, 1931, when the order for the preparation of the transcript of the evidence was made, Luis A. García del Rosario, attorney for the intervener, promised to pay him within a few days the sum of $30 as fees for the work of transcribing the record; that several times he had requested the said attorney to obtain from his client, the intervener, the payment of the $30 in question in order to start on the work of preparing the said transcript, and that notwithstanding the time elapsed from November 21, 1931, until April 13, 1932, neither the intervener nor his attorney has paid him the said $30, for which reason he had not transcribed the stenographic notes taken at the trial.

Luis A. García del Rosario, attorney for the intervener, stated under oath that on behalf of the plaintiff he had agreed with the stenographer to pay the latter the sum of $25 for the transcript, and denied that he had contracted to pay him the sum of $30 for the said work; that owing to the present crisis, the appellant in this case was unable to obtain immediately the $25 stipulated with the stenographer for his transcript, and for this reason he had applied to the district court for several extensions, all of which were justified; that the stenographer had been duly advised of the said extensions and had always agreed and had not deemed it necessary to demand the deposit of the amount stipulated for his work;

that the witness informed the stenographer that the extension granted on April 6, 1932, would be the last one to be sought, and advised him that the transcript of the evidence could be made within the said extension; that he honestly thinks that the stenographer is working on the transcript of the evidence in the present case and that the same can be filed before the expiration of the time granted by the District Court of San Juan.

In the present case the lower court has been liberal in granting several extensions to the appellant-intervener. The fact that the latter offered $25 for the transcript of the evidence instead of $30, as maintained by the stenographer, has nothing to do with the diligence that the appellant should have shown in perfecting his appeal. The attorney for the appellant does not say that the stenographer is working on the transcript of the evidence but that he honestly thinks that this work is being done. This statement is too ambiguous, because the belief of the witness is not equivalent to the assertion that the stenographer is now engaged in the work of preparing the transcript. Nor is it stated in the affidavit of the attorney for the intervener that the latter has paid or that he has again promised to pay to the stenographer the amount of his fees. We consider that the appellant-intervener has failed to act with due diligence in perfecting his appeal.

For the reasons stated, the appeal taken by intervener Joaquín Cintrón should be dismissed.